**ZEOCRYSTAL INDUSTRIES, INC., Plaintiff,**

v.

**FOX BROADCASTING COMPANY, et al., Defendants.**

**No. 96 C 2271.**

United States District Court, N.D. Illinois, Eastern Division.

April 24, 1996.

Steven O. Hamill of Steven O. Hamill & Associates, Homewood, IL, for Plaintiff.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Zeocrystal Industries, Inc. ("Zeocrystal") has sued Fox Broadcasting Company and eight other defendants under the Federal Trademark Act ("Act," 15 U.S.C. §§ 1051–1128 [1]), claiming damages in excess of $10 million. Based on its initial review of the Complaint,[2] this Court sua sponte orders Zeocrystal to address in a supplemental filing the matters raised by this memorandum opinion and order—both those potentially impacting on this Court's jurisdiction and also the significant nonjurisdictional issues spoken of here.

According to Complaint ¶ 13:

13. Plaintiff ZEOCRYSTAL INDUSTRIES, INC., has been and now is extensively engaged in the business of manufacturing and marketing natural volcanic minerals in powder or rock form, primarily in the form of crystals, for removing odors in commercial, residential or industrial applications, and since 1993, has marketed its products under the trademark **ZEOCRYSTAL.**

And consistently with that allegation, on October 25, 1994 Zeocrystal obtained from the United States Patent and Trademark Office Registration No. 1,859,374 covering the mark "ZEOCRYSTAL" (the "Registration") for

---

1. For over four decades it was more customary to refer to the Act by the title "Lanham Act," but because the Trademark Law Revision Act of 1988 amended so many of the statutory provisions the usage in the text is probably better advised. Citations to the Act will take the form "Section—," referring to the numbering in Title 15 rather than to the internal numbering of the old Lanham Act or the 1988 revision.

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Both the possible subject matter jurisdictional problems and the other matters set out here that emerge from that threshold scrutiny call for early attention.

the class of goods described this way in the Registration (Complaint Ex. 1):

Natural volcanic mineral in powder or rock form for removing odors in commercial, residential, or industrial applications, in Class I (U.S. Cl. 6).[3]

Zeocrystal's grievance on which it has sued here is that defendants, in connection with a children's television program called "Power Rangers," have referred to a fanciful magic weapon as using "ZEO Crystals," "Zeo Crystal" or substantially similar representations (Complaint ¶ 18) and have developed a promotional line of related children's toys, accessories and other products (*id.*). Moreover, according to Complaint ¶¶ 21 and 22 defendants are about to involve that "fantasy magical weapon" (Complaint ¶ 20) in expanded activity:

21. That Defendants [naming them], individually and jointly, have announced via broadcasting, promotional lead-ins, and printed media, that a new children's program about "ZEO Rangers" will be commencing on April 20, 1996, on said "POWER RANGERS" show.

22. That BANDAI CO., LTD., is manufacturing certain children's toys and accessories with the logo of "POWER RANGERS ZEO" and toys identified as "ZEONIZER," which uses "crystals," and advertising to the public to "Help the **ZEO** Rangers save the world with these other morphinated toys!", and "Evil Space Aliens cringe before the mighty **Zeo** Blaster!", thereby recovering substantial profits and gains as a direct result of the Plaintiff's trademark, all of whom are being distributed by the Defendant BANDAI AMERICA INCORPORATED.

▪ Some obvious problems leap off the pages of the Complaint (even apart from counsel's blatant mischaracterization of the Act's incontestability provision, as discussed in n. 3). Most importantly, trademark registrations do not grant rights in a vacuum. As the Registration reflects, it covers the attachment of the mark only to specified goods—not the types of goods marketed by defendants. Trademark registrations do *not* create a presumptive exclusive right to use the mark for entirely different goods, such as those ascribed to defendants here—see (1) the excellent discussion in *Natural Footwear, Ltd. v. Hart, Schaffner & Marx,* 760 F.2d 1383, 1396 (3d Cir.1985); (2) our Court of Appeals' decision in *Miller Brewing Co. v. G. Heileman Brewing Co.,* 561 F.2d 75, 78–79 (7th Cir.1977); and (3) generally, the discussion and citations in 3 *McCarthy on Trademarks and Unfair Competition* § 24.12[2][a], at 24–104 to 24–105 (1995) and 1 Jerome Gilson and Jeffrey Samuels, *Trademark Protection & Practice* § 4.04, at 4–61 to 4–63.

Thus Zeocrystal's Count I trademark infringement claim is an extremely doubtful candidate for survival. And Zeocrystal's Count II reliance on the concept of the federal law of unfair competition (Act § 1125(a)) would appear just about equally dubious: Does a highly specialized company such as Zeocrystal, in business for just 2–½ years, *really* believe that the wholly different and fanciful uses that it ascribes to defendants will be viewed by *anyone* as a false designation of origin (that is, as though Zeocrystal were the source of those uses)?

What that means is that Zeocrystal is likely to be relegated to its state law claims: its Count III claim of common law unfair competition (although even there any likelihood of confusion would seem remote at first blush), its Count IV dilution claim under the Illinois antidilution statute (765 ILCS 1035/15) and its Count V claim of violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 to 510/7). For the present it is unnecessary to address the merit or lack of merit in such claims, for subject matter jurisdiction over them is questionable: Zeocrystal should at a minimum seek to avoid the prospect that such supplemental

---

3. [Footnote by this Court] Complaint ¶ 16 says that the Registration "has become incontestable under 15 U.S.C. Section 1065." That's just not so, and Zeocrystal's counsel has to know it. Section 1065 provides for the incontestability of a registrant's right to use the registered mark for the goods described in the registration only if the mark "has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce." Here only 18 months of that five-year period have elapsed—indeed, Zeocrystal didn't even begin to *use* the mark until September 1993 (Complaint Ex. 1). Talk about mislabeling!

jurisdiction claims (see 28 U.S.C. § 1367(a)) would have to be dismissed under the teaching of *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) if its federal-question claims were to be rejected early on.

For that purpose Zeocrystal's counsel has gone only part of the way toward alleging the alternative possibility that federal jurisdiction may exist on a diversity of citizenship basis. And even those partial allegations create doubts as to *both* facets of diversity jurisdiction.

 As for the amount in controversy, the dollar signs in Zeocrystal's and its counsel's eyes suggested by their Count I reference to $10 million in damages are plainly just as fanciful as defendants' "magical weapon." In that respect it is not enough for a litigant to bootstrap itself by announcing such a boxcar figure. In the present circumstances some reasonable good faith predicate must be shown for asserting that even the jurisdictional floor for such purposes (over $50,000 under 28 U.S.C. § 1332) has been met.

As for the other half of the diversity requirement, Complaint ¶¶ 3 through 12 refer to each defendant as "a foreign corporation," presumably speaking of their respective places of incorporation as outside of Illinois (the state where Complaint ¶ 2 says Zeocrystal is both incorporated and has its principal place of business). Some defendants are also identified in terms of their principal places of business, the other branch of the definition of corporate citizenship in 28 U.S.C. § 1332(c)(1). Others, though, are spoken of only as having "*a* [not *the* ] principal place of business" elsewhere—not enough to do the job. And there are additional flaws evident when the Complaint's allegations are laid alongside the requirements of 28 U.S.C. § 1332(c)(1) for comparison.

Accordingly Zeocrystal's counsel is ordered to file in this Court's chambers, on or before May 6, 1996, an appropriate amendment to the Complaint or a self-contained Amended Complaint or some other submission that is appropriately responsive to all of the matters set out here. In addition, copies of that filing must also be transmitted to each defendant, either in the same manner that counsel has specified for the service of process on that defendant or by some other means calculated to bring the matter to that defendant's attention before its responsive pleading is due.